## COWLING *v.* HILL.

### Opinion delivered June 8, 1901.

1. ESTOPPEL—FRAUDULENT CONVEYANCE.—Where a wife permitted her husband for 20 years to retain title to her land, knowing that his creditors were dealing with him under the belief that it belonged to him, she will be estopped, as to them, to claim it as hers, and a conveyance by the husband to the wife to prevent its seizure by his creditors is fraudulent and void. (Page 351.)

2. INFANT DEFENDANTS—GUARDIAN.—A decree cannot be rendered against infant defendants until a guardian has been appointed to defend for them. (Page 352.)

Appeal from Howard Circuit Court in Chancery.

W. V. TOMPKINS, Special Judge.

Action by Hill, Fontaine & Co. against John C. Cowling and others. From a judgment in favor of plaintiffs, defendants have appealed.

*W. C. Rodgers,* for appellants.

The husband had the right to make such a conveyance to his wife as that in this case. 56 S. W. 632. Creditors cannot insist upon the husband's pleading limitation as to the rents due the wife. 68 Ia. 132; S. C. 26 N. W. 35; 63 Me. 326. The burden of proving fraud rests upon the appellees. 119 Ala. 312; S. C. 25 So. 767; 94 Pa. St. 56, 316; 135 Pa. St. 434; S. C. 19 Atl. 1026; 7 Ired. Law, 341; 33 Kans. 504; S. C. 6 Pac. 890; 22 W. Va. 370; 105 Ala. 266; 92 Ia. 602; S. C. 61 N. W. 365; 75 Wis. 595; 44 N. W. 645; 41 W. Va. 13; S. C. 23 S. E. 671; 88 Wis. 538; S. C. 60 N. W. 792; 63 Me. 162. It devolved also upon appellees to show that the wife was a party to the alleged fraud. 94 Wis. 385; 79 Me. 302; 108 Ind. 345; 106 U. S. 260; 92 U. S. 183; 67 Ia. 77; 4 S. E. 206; 51 Neb. 668; 101 U. S. 731; 30 Kans. 125; 7 Pet. 349, 357, 358. A guardian *ad litem* must be appointed for an infant before a judgment can be rendered against it, and a substantial or earnest defense must be made in its behalf. 39 Ark. 235; *ib.* 62; *ib.* 104; 43 Ark. 521; 44 Ark. 236; 137 Pa. St. 569; 48 Ill. App. 608; 131 Ill. 210; 96 Ky. 415; 54 Tex. 220; 2

Munf. 129; 8 Pet. 128; 17 Ill. 276; 3 W. Va. 676; 18 Ark. 53; 103 Mo. 546; 14 Gray, 179; 3 McLean, 319; 106 Ala. 352; 39 Ark. 104; 120 Mo. 134.

*Williams & Arnold* and *Rose, Hemingway & Rose,* for appellees.

The conveyance to the wife was fraudulent as to creditors. 62 Ark. 32; 67 Ark. 111; 50 Ark. 46; 60 Ark. 461. The daughter cannot claim a resulting trust because she did not pay any aliquot part of the purchase money. 1 Perry, Trusts, § 132; Bish. Eq. § 81.

RIDDICK, J. This was an action brought by a judgment creditor to set aside and declare fraudulent and void certain conveyances made by the judgment debtor to his wife. The circuit judge found that the conveyances were fraudulent and void as to the rights of the plaintiffs, and adjudged that the lands conveyed were subject to the payment of plaintiffs' judgment. Under the facts and circumstances in proof, we think the judgment was right. The husband can, of course, convey property to his wife in payment of a valid debt due from him to her, as he can to any other creditor. But the courts cannot shut their eyes to the fact that, under statutes allowing the husband and wife to contract with each other, outside creditors of either are placed at a great disadvantage, should the husband and wife be dishonest and attempt to defraud them. In determining whether conveyances made between husband and wife are made in good faith or made to defraud creditors, judges must, in order to arrive at the truth, necessarily keep in mind the close relationship existing between the parties and the motives that, when one of them becomes involved in debt, may induce them to try to shift the title of the property to the other, thus, in law, placing it beyond the reach of the creditors of such party, while he still receives from it many of the benefits that an owner receives from property.

Now, in this case the land, which belonged to the estate of the wife's father, was conveyed to the husband, was held by him and treated as his own for about 20 years, without objection on the part of his wife. The husband was a merchant, and, in making statements to commercial agencies, he included the land as a part of his assets. As the legal title to this land was in the husband, both he and his wife must have known that his creditors were dealing with him under the belief that it belonged to him. The

circumstances in proof were such, we think, as to justify the finding of the chancellor that, after having permitted the husband to own and control it for such a time, she should not be allowed to set up a claim to it as against the creditors of the husband. A conveyance by him to her with a view to prevent its seizure by his creditors was fraudulent and void. The finding of the chancellor is supported by evidence, and as to the adult defendants must be affirmed. There were, however, two minor defendants, heirs of Mrs. Cowling, who had no guardian appointed to defend for them, and against whom, by oversight, perhaps, a decree was rendered. As to them the judgment must be reversed, but as to other defendants it is affirmed.