## WATERS v. MERIT PANTS COMPANY.

### Opinion delivered July 1, 1905.

1. HUSBAND AND WIFE—DEALINGS BETWEEN.—While an insolvent husband, when justly indebted to his wife, may, without fraud, prefer her claim to that of other creditors, and make valid appropriation of his property to pay it, even though the result be to deprive other creditors of the means to satisfy their claims, such transactions are viewed with suspicion, and the perfect good faith of the transaction must be established. (Page 254.)

2. SAME.—Where a wife asserts a claim against her insolvent husband for money loaned to him many years previous as consideration for a conveyance of his property to her, the alleged debt having become stale by long lapse of time, her bare statement should be corroborated by some other evidence of the existence of a valid debt. (Page 254.)

3. EQUITY—IMPROPER TESTIMONY.—A chancery case will not be reversed for failure to exclude improper testimony if, without it, the decree is supported by a preponderance of the legal testimony. (Page 255.)

Appeal from Howard Chancery Court.

JAMES D. SHAVER, Chancellor.

Affirmed.

*W. C. Rodgers,* for appellants.

Mrs. Waters was entitled to what her husband owed to her; and on this point her evidence, being uncontradicted, must control. 53 Ark. 96; 66 Ark. 513, 522; 66 Ark. 439, 441; 55 S. W. 940; 61 Ga. 202. The statute of limitations is a plea personal

to the debtor, and no one else can interpose it for him, 11 Ark. 512; 33 Ark. 491; 36 Ark. 476, 479; 68 Iowa, 132; 63 Me. 326; 53 Ark. 178. And it must be pleaded by the party entitled to its benefits before it can be available. 83 Pac. 404; 44 W. Va. 342; 48 La. Ann. 1538; 86 Md. 400; 122 N. C. 663; 86 Pac. 1026. That a husband may legally prefer his wife's claim, see, 67 Ark. 37, 101; 73 Mich. 101; 103 Ind. 494; 30 Fed. Rep. 401; 72 Iowa, 137; 115 Ind. 474; 40 Kan. 5; 69 Mich. 49; 68 Wis. 563; 84 Ala. 592; 9 Kan. 473.

*W. D. Lee,* for appellee.

The allegations of insolvency, etc., not being denied, must be taken as true. 66 Ark. 422. The allegation of fraud was sufficiently proved. 33 Ark. 762; *Ib.* 425. Stricter proof is required to prove the *bona fides* of a transaction when it is had between near relatives. 93 Ala. 97; 9 So. 548; 52 Ark. 458. Where a conveyance by a husband to his wife is assailed for fraud by his creditors, the burden is upon her to show by clear and satisfactory evidence the good faith of the transaction. 27 S. E. 435; 94 Va. 716, 27 S. E. 751; 39 Fla. 489, 22 So. 751. Having allowed her husband to use her property as his own for over twenty years, the wife will not be permitted to claim it now. 50 Ark. 42; 62 Ark. 26; 55 Ark. 117; 66 Ark. 419; 69 Ark. 351. The creditors of the husband have prior equities in the land, and equity will treat the wife in this case as a trustee for the benefit of the husband's creditors. 42 Ark. 305; 55 Ark. 122; 67 Ark. 338.

McCULLOCH, J. This is an action brought by appellee, Merit Pants Company, against appellants, H. M. Waters and wife, in which appellee seeks to subject certain lands to the payment of a debt in the sum of $380.75 due appellee by said H. M. Waters. It is alleged that H. M. Waters, being insolvent and indebted to appellee, purchased the land in controversy from one McClure, and, with intent to defraud his creditors, caused the title to be conveyed to his wife. The proof in the case consisted only of the testimony of McClure and Mrs. Waters, and it appears therefrom that McClure sold the land to H. M. Waters at a fixed price of $300, which was paid by delivery to McClure of a lot of cattle and a small stock of merchandise, a remnant of the stock

carried by Waters as a merchant, and that, at the request of H. M. Waters, McClure made the deed to his wife. McClure ·testified that the cattle were taken at a valuation of either $64 or $67. Mrs. Waters testified the value of the cattle were fixed at $80, and that they were her separate property. She also testified that her husband owed her about $1,000 for a lot of cattle and horses which she had sold him when they were married twenty years previously, and for proceeds of sale of her farm thirteen years previously; that no note or other evidence of the indebtedness was executed by the husband, and that she had given him credit on the debt for $220, the estimated value of the stock of merchandise used in payment of this tract of land. The chancellor found that the conveyance to Mrs. Waters was fraudulent, but that her property, the cattle, of the value of $80, had been used in the purchase, and decreed a lien in favor of appellee for $220, the value of the stock of merchandise. The defendants appealed.

It is settled by the decisions of this court that an insolvent husband, when justly indebted to his wife, may, without fraud, prefer her claim to that of other creditors, and make valid appropriation of his property to pay it, even though the result be to deprive other creditors of the means to satisfy their claims. But such transactions between husband and wife are viewed by the courts with suspicion, and the perfect good faith of the transaction must be established by proof. Where the wife asserts, as a consideration for conveyance of his property to her, a claim of debt against her insolvent husband for money loaned to him many years previous, no note or other written evidence of an agreement to repay being shown to have been executed, and the alleged debt having become stale by long lapse of time, as in this case, her bare statement should be corroborated by some other evidence of the existnce of a valid debt, before the courts can accept it in support of the conveyance. For a discussion of the law on this subject reference is made to the recent case of *Davis* v. *Yonge,* 74 Ark. 161; and nothing need be added here on the subject. See also, *Godfrey* v. *Herring,* 74 Ark. 186; *Driggs* v. *Norwood,* 50 Ark. 42. We think the evidence in this case is far from satisfactory as to the existence of a valid debt, and that the chancellor was right in his conclusion.

Appellants complain that the court erred in allowing witness McClure to testify that, of the merchandise received from Waters, about one hundred and twenty-five dollars' worth bore the marks and name of appellee, thus tending to show that these goods were bought by Waters from appellee. The witness was allowed to examine the itemized account sued on, and after examination state that he recognized the number of suits of clothes and the prices thereof on the account as the same he purchased from Waters. The decree was not dependent on this testimony for sufficient evidence to support it; and, if it be held to be incompetent, the presumption must be indulged that the chancellor was not controlled by it in reaching his conclusion. A chancery case will not be reversed for the failure to exclude improper testimony where, without it, the decree is supported by a preponderance of the legal testimony. *Niagara Fire Ins. Co.* v. *Boon, ante* p. 153; *Allen* v. *Ozark Land Co.,* 55 Ark. 549.

Counsel for appellant also contends that the proof of insolvency is not sufficient; but we think that fact is satisfactorily established by the proof on the subject, in connection with the undenied allegation of insolvency at the time of the commencement of this suit.

Decree affirmed.