ROBERTS *v.* BODMAN-PETTIT LUMBER COMPANY.

Opinion delivered November 4, 1907.

HUSBAND AND WIFE—APPARENT OWNERSHIP OF PROPERTY—ESTOPPEL.— Where a married woman permits her husband and son to use her property as an apparent basis of credit, she will be estopped from

claiming the property as against creditors who extended credit to the husband and son upon the faith of their apparent ownership.

Appeal from Mississippi Chancery Court; *E. D. Robertson,* Chancellor; affirmed.

*J. T. Coston,* for appellant.

1. Not only does a purchaser from an insolvent debtor in discharge of an antecedent debt stand in a more favored position than a purchaser for a present consideration, but the fraudulent intent of the grantor with reference to other creditors will not affect the title of the purchaser, unless he participated in the fraud. 20 Cyc. 472; 49 Ark. 22; 60 Ark. 433; 61 Ark. 455; 81 N. W. 63. An insolvent husband, when justly indebted to his wife, may, without fraud, prefer her claim to that of others. 88 S. W. 879.

2. Where the conveyance is in discharge of a *bona fide* pre-existing debt, the burden is on the party attacking the title to show that the consideration was grossly inadequate, and that the grantee participated in the grantor's fraudulent design. 46 Ark. 551; 64 Ark. 187; 31 Ark. 167; 38 Ark. 427; 63 Ark. 22; 16 N. W. 50; 9 S. E. 43; 13 N. W. 891; 14 S. E. 61; 61 Ark. 454.

3. The burden resting upon appellant to show the payment of the consideration, and her testimony that she did not take the conveyance for the purpose of aiding her husband in placing the property beyond the reach of creditors, etc., is uncontradicted. This testimony should be accepted as true. 63 Ark. 461.

*J. D. Block,* for appellee; *F. H. Sullivan,* of counsel.

1. Because of the intimate relations of husband and wife, transactions of the kind in question in this case are, and ought to be, regarded with suspicion, and the burden is upon the wife to establish by proof the perfect good faith of the conveyance. 76 Ark. 254. Every presumption is against her, and she must prove the existence of the demand, to discharge which the husband has made the conveyance, by clear and satisfactory proof. 56 L. R. A. 827.

2. To support a preference by an insolvent debtor, it is not only necessary to prove a *bona fide* debt, but also that the

debt shall not be largely disproportionate to the value of the property transferred. 26 Ark. 265; 56 Ark. 417; Bump, Fr. Conv. § 173; 20 Cyc. 500; 68 Ark. 167; 84 Ala. 274; 37 Fla. 78; 2 Leigh (Va.), 48; 66 Pac. 807; 56 L. R. A. 829, note; 54 Fed. 696; 53 Mo. App. 493; 70 Tex. 47.

McCULLOCH, J. Appellee, Bodman-Pettit Lumber Company, as judgment creditor of one S. Roberts, instituted this suit in equity against appellant, Julia Roberts, who is the wife of said S. Roberts, to cancel and set aside a conveyance of certain lands in Mississippi County executed to appellant by her husband, and to have the said lands subjected to the payment of the judgment. The chancellor granted the relief prayed for, so far as the land involved in this appeal is concerned, and the defendant, Mrs. Roberts, appealed to this court.

S. Roberts and G. G. Roberts, husband and son respectively of the defendant, were engaged in the saw-mill business in Mississippi County under the firm name of S. & G. G. Roberts. They entered into a contract with plaintiff for the sale of the output of the mill; and plaintiff agreed to advance money to them for use in operating the mill. Pursuant to this contract, plaintiff advanced about $2,100 to them from July, 1899, up to December 21, 1900, when further advances were refused for the reason that the debtors were not cutting any lumber to amount to anything, and were not making payments on what they owed plaintiff. At the time of these transactions S. Roberts owned the land in controversy (11,200 acres), and the defendant owned other tracts of timber lands in the same locality aggregating 600 acres which had been conveyed to her by her husband, S. Roberts, in the years 1891 and 1898. The two principal officers of plaintiff company testified that when they extended credit to S. & G. G. Roberts the latter represented to them that all these lands belonged to them. This is denied by G. G. Roberts in his testimony, but as the chancellor doubtless accepted the testimony offered by the plaintiff as the truth of the matter, and as his conclusion is not against the preponderance of the testimony, we also accept it as true. It appears also from the testimony that the defendant allowed S. & G. G. Roberts to cut timber from her land in operating the mill business. It appears also from the testimony that Mrs. Roberts owned the mill which

she permitted her husband and son to operate in their own names.

On May 18, 1901, S. Roberts, while indebted to plaintiff as aforesaid, conveyed the lands in controversy to his wife, and it is undisputed that he and his son were then and have continued to be insolvent. They owned no other property.

This deed of conveyance recites a cash consideration of $800, but the defendant undertakes to show that the real consideration for the conveyance was the satisfaction of four notes · for $200 each executed to her by her husband and son for money furnished them some years before (date not given) to operate a planing mill and hub factory at Dyersburg, Tenn., which was afterwards destroyed by fire.

We are of the opinion that the chancellor reached the correct conclusion in the case, and that the land in controversy should be subjected to the payment of plaintiff's judgment. All that need be said concerning the law of the case is stated by this court in *Davis* v. *Yonge*, 74 Ark. 161, and *Waters* v. *Merit Pants Company*, 76 Ark. 252. It appears that Mrs. Roberts now owns considerable property, most of which she has acquired from time to time from her husband. He and his son came to Arkansas and operated in their own names a saw mill which is now claimed to be the property of Mrs. Roberts, but which she permitted them to operate, and which she must have known formed the basis of credit extended by those who dealt with them. She also allowed them to cut timber from her lands in the locality. Now, since they have become indebted to the plaintiff who extended credit on the faith of the property which they appeared to own, she accepted a conveyance from her husband of the only property he in fact owned, and undertakes to sustain the conveyance by showing that he owed her for money borrowed a number of years before in Tennessee, and lost in another business venture. The notes are not produced nor the dates of the transactions given. This is the account she now gives of the transaction, but her statement is contradicted by that of her husband, who testified, in a former law suit between these same parties concerning the title to a lot of lumber, that the consideration for the deed was $800 in money advanced by her to S. & G. G. Roberts in the year 1901 after plaintiff had refused to advance any more

money, to enable them to operate the mill. It is shown that she was present when her husband gave this sworn account of the transaction, and she did not contradict or correct him, though his testimony was given in a suit in which she was a party, and in which the *bona fides* of her transactions with the firm of S. & G. G. Roberts was under investigation.

We are clearly of the opinion that she should not, as against the plaintiff, be allowed to retain the fruits of this conveyance for both the reasons that she has failed to satisfactorily prove a valid and subsisting consideration for the conveyance, and that her course of conduct in permitting her husband and son to use her property as an apparent basis of credit estops her from claiming the property against creditors who extended credit on the faith thereof. *Driggs* v. *Norwood*, 50 Ark. 42; *Davis* v. *Yonge*, 74 Ark. 161; *Waters* v. *Merit Pants Company*, 76 Ark. 252.

Decree affirmed.