GOODRICH *v.* BAGNELL TIMBER COMPANY.

Opinion delivered October 14, 1912.

1. BANKRUPTCY—PRIOR LIEN.—Where a creditor brought a creditor's suit to fix a lien on the property of an insolvent debtor sixteen months before bankruptcy proceedings were instituted against him, the creditor's lien is entitled to priority. (Page 93.)

2. FRAUDULENT CONVEYANCE—DEED FROM HUSBAND TO WIFE.—Where a wife permitted her husband to deal with her property as his own, and to obtain credit on the strength of such ownership, she will be estopped, as against his creditors, to claim ownership of same as consideration for a conveyance from him to her. (Page 94.)

Appeal from White Chancery Court; *John E. Martineau,* Chancellor; affirmed.

*J. N. Rachels,* for appellants.

1. The demurrer should have been sustained. The complaint does not allege that George Goodrich became insolvent by reason of the conveyances alleged, nor that there is not yet property belonging to him subject to execution sufficient to pay the plaintiff's demand, nor the issuance of an execution and the return of same unsatisfied for failure to find property on which to levy. 67 Ark. 325 Cyc, 330; 20. 413, 603; 18 Ark. 172; *Id.* 123; 15 Fed. 541; 134 U. S. 405; 74 Ark. 161; 75 Ark. 127. See also 96 Ark. 531, 538; 29 Ark. Law Rep. 132.

2. Property accumulated with the wife's funds is not subject to the debts of the husband, even though such accumulation is brought about by the business sagacity and management of the husband. 75 Ark. 562; 89 Ark. 77.

3. If Goodrich conveyed to his wife without consideration, still such conveyance was not fraudulent if he retained property sufficient to pay the debts he owed at the time of the conveyance, and plaintiff as one of the creditors could not complain. 96 Ark. 531.

*S. Brundidge, Jr.,* for appellee.

1. The decree should be affirmed for failure of appellant to comply with rule 9 in abstracting the testimony. This court will not explore the transcript for testimony omitted from the abstract. 57 Ark. 305; 89 Ark. 351; 87 Ark. 205.

2. The motion for a stay of proceedings on account of the filing by George Goodrich of a petition in bankruptcy and his having been declared a bankrupt was properly overruled. 103 Ark. 105.

3. By his own admission George Goodrich was insolvent at the time of the conveyance to his wife.

It is elementary law that a conveyance by an insolvent debtor of his property to his wife or other near relative is a badge of fraud. The evidence that the conveyance in this case was fraudulent is clear and convincing. 86 Ark. 230, and cases cited; 68 Ark. 162; 50 Ark. 289.

If land is purchased for a wife and deed taken in the name of the husband, and she allows it to remain so for six or seven

years, she would be estopped to claim title as against creditors of the husband.   69 Ark. 350; 71 Ark. 611.

Wood, J.   This is a suit by the appellee against the appellants to set aside certain alleged fraudulent conveyances. The complaint alleged that, in a suit pending between George Goodrich and the appellee, appellee, on the 15th day of December, 1908, obtained a judgment, which, with interest, now amounts to $1,200; that during the pendency of that suit and before the judgment was rendered appellant George Goodrich "transferred and conveyed all of his property, both real and personal, of every kind and character, to Mary E. Goodrich, his wife; that at the present time the said George Goodrich does not claim to be the owner of any real or personal property in his own right out of which judgment can be made."

The complaint further sets forth the various conveyances that were alleged to have been made, consisting of real and personal property, and alleged as follows: "Plaintiff states that all of said conveyances were made for the purpose of putting the property of the said George Goodrich beyond the reach of his creditors, and were made for a nominal consideration, and said conveyances were made in fraud of the rights of the plaintiff herein." And, further, "plaintiff charges that all of said transfers were made for the purpose of defrauding plaintiff, and with the fraudulent intent and purpose of placing the property of the said George Goodrich beyond the reach of his creditors."

The appellants demurred, setting up that the complaint "does not state facts sufficient to constitute a cause of action." It does not appear that any ruling on the demurrer was sought or made; but appellants answered separately, admitting that on the 24th day of June, 1905, George Goodrich conveyed to Mary E. Goodrich certain real estate (describing it); denied that the conveyance was made in consideration of the sum of $371 mentioned in the deed, but admitted that the sum was given by Mary E. Goodrich at the time, and averred that the property so conveyed was, prior to the conveyance, the sole and separate property of Mary E. Goodrich, the same having been bought and paid for by her, and was held in the name of George Goodrich because of an error in the making of the deed

of purchase therefor to him when the property had been purchased and paid for by Mary E. Goodrich.

The answer further denied that any of the transfers were made for the purpose of placing the property of George Goodrich beyond the reach of his creditors.

During the progress of the case appellant George Goodrich moved the court to stay the proceedings for one year, setting up that he had filed his petition in bankruptcy, and that the plaintiff's claim had no priority, and that he would be discharged from the payment thereof by the bankruptcy proceedings. The record shows that the trustee in bankruptcy was made a party defendant in the present suit, and he answered, setting up that he was entitled to all of the assets of appellant George Goodrich as trustee in bankruptcy, and prayed that as such trustee he be allowed to recover the money and property of the appellant George Goodrich. The court overruled the motion to stay the proceedings.

This ruling of the court was correct. The appellee, by its suit to cancel the alleged fraudulent conveyances, instituted about sixteen months before the bankruptcy proceedings were begun, acquired a specific lien on the property alleged to have been fraudulently conveyed which would entitle it to a priority in the distribution of the proceeds from the property, and the suit of the trustee in bankruptcy would not defeat appellee's right to have such proceeds applied to the payment of its claim in the distribution of the estate of the bankrupt. See *Boyd* v. *Arnold*, 103 Ark. 105; *Taylor* v. *Taylor*, (N. J. Ch.) 45 Atl. 440.

On the question of whether or not the conveyances were fraudulent, the testimony is voluminous, and it could serve no useful purpose as a precedent to discuss it in detail. The chancellor found that the conveyances as set up in the complaint were fraudulent, and the decided preponderance of the evidence shows that his finding is correct.

The appellant George Goodrich, testifying on the 13th of June, 1911, stated that he "had been insolvent eight or nine years." While the testimony in the record shows that from the year 1902 property, real and personal, amounting to $34,000, managed by appellant George Goodrich, as shown by his account with the banks, went through his hands, there is

nothing in the record to show what his liabilities were during all this time, and the chancellor was fully warranted in accepting his testimony to the effect that he was insolvent during the time stated by him. The appellant George Goodrich must be held to have known more about his financial condition than any one else, and there is nothing in the record to contradict his testimony showing that he was insolvent at the time of the alleged fraudulent conveyances to his wife.

The appellants claimed that the land alleged to have been fraudulently conveyed was the property of appellant Mary E. Goodrich. Even if this be conceded, it can not avail appellants, for the reason that the evidence shows that appellant Mary E. Goodrich, from the time of her marriage to her husband for a period of about forty-five years, permitted her husband to handle her money as his own. He did business for his wife for many years in her name as her manager, and then for several years in his own name, but he used funds obtained from her and mixed them indiscriminately with his own. The testimony of Mrs. Mary E. Goodrich shows that soon after their marriage she received $3,000. She turned the whole of it over to her husband, and thereafter she allowed him to manage her property and receive money from her and handle it as his own. She said she never kept an account of the money that she turned over to him; that he never paid any of the money back that he received from her. In other words, so far as creditors were concerned, there was nothing to put them on notice that the real estate in controversy was her separate property. Appellant George Goodrich obtained the deed in his own name to the land in suit in July. 1900, and held the same as his own until the 24th of June, 1905, when the deed to his wife was executed, a period of about five years. For at least a part of this time George Goodrich, according to his own testimony, was insolvent; yet he was doing business all these years on money and real estate which appellant Mrs. Mary E. Goodrich, after the institution of this suit, claimed belonged to her, but which until then she permitted him to hold and manage as his own.

As was said in *Cowling* v. *Hill*, 69 Ark. 350-1: "As the legal title to this land was in the husband, both he and his

wife must have known that his creditors were dealing with him under the belief that it belonged to him."

In *Driggs & Co.'s Bank* v. *Norwood*, 50 Ark. 42, we held (quoting syllabus): "Where a husband collected his wife's money and used it as his own, without objection on her part, for a period of more than ten years, and obtained credit on the faith of its being his own, the wife could not afterwards assert her claim to such money or its proceeds against the husband's creditors. Her assent to the husband's use of the money would in such case be presumed, in the absence of proof to the contrary."

The facts of this record bring the case at bar well within the doctrine above announced.

The doctrine announced by this court in the above case concerning alleged fraudulent conveyances, which we need not repeat, fully warranted the chancellor, under the facts and circumstances disclosed by this record, in declaring the conveyances set up in appellee's complaint fraudulent and void. See *McConnell* v. *Hopkins*, 86 Ark. 225, and cases there cited.

The judgment is correct, and is therefore affirmed.