SCOTT *v*. McCRAW, PERKINS & WEBBER COMPANY.

Opinion delivered June 21, 1915.

1. FRAUDULENT CONVEYANCES—DEED FROM HUSBAND TO WIFE.—A deed executed by a husband to his wife, *held*, under the evidence, not to be fraudulent as to creditors.

2. FRAUDULENT CONVEYANCES—DEED OF TRUST—HUSBAND AND WIFE.— Where appellant, knowing that an action was to be brought against him, executed a deed of trust to his wife, conveying all his property, the same will be held fraudulent as to a judgment creditor, and where the chancery court has found the deed of trust to be fraudulent, it properly should order the sale of the property, which has been uncovered by the decree, to satisfy the debt due to the creditor.

3. FRAUDULENT CONVEYANCES—DECREE—PAYMENT OF JUDGMENT.—Where property was fraudulently conveyed in fraud of creditors, the chancery court may order the same sold to satisfy the debt, but *held*, the allowance of a period of but five days, in which the debtor might pay the debt, before the property would be sold, is unreasonably short.

Appeal from Pulaski Chancery Court; *John E. Martineau*, Chancellor; reversed in part and affirmed in part.

*Baldy Vinson, S. M. Wassell* and *Miles & Wade,* for appellants.

1. The court erred in vacating the deed of trust from Doctor Scott to his wife. There was no testimony other than the deposition of Mr. Ketchum, the attorney for appellee. The insolvency of Doctor Scott is not shown, but if conceded, the decree should be reversed on authority of 76 Ark. 252. An insolvent husband, when justly indebted to his wife, may, without fraud, prefer such claim to that of other creditors, even though the result be to deprive other creditors of the means to satisfy their claims. The burden of proof was on appellee. The fraud must be proven. 56 L. R. A. 817, and notes, 824. The recital of a consideration in the conveyance is sufficient proof of consideration until the contrary appears. 4 Ill. App. 112; 31 Md. 240; 116 Pa. 190. Fraud is not presumed, and a conveyance by a debtor to his wife in satisfaction of a *bona fide* debt raises no inference of fraud. 147 Ind. 417; 64 Mo. 239; 3 Md. Chy. 167; 109 N. C. 268. A conveyance of real estate by an insolvent husband to his wife, in fulfillment of an agreement to repay her for real estate sold belonging to her, is not fraudulent as to creditors in the absence of proof of fraudulent intent of both grantor and wife, or knowledge of the wife of the fraudulent intent. 59 N. Y. S. R. 331; 112 N. C. 180; 46 Ark. 542; 74 Ark. 161; 56 *Id.* 259; 99 *Id.* 45; 110 *Id.* 354; 109 *Id.* 151.

2. It was error to vacate the deed to Mrs. Scott for lot 10, block 9. The true and equitable title to this has been in Mrs. Scott all the time. 47 Ark. 111.

3. It was error to order the sale of the property, especially on such short notice. 1 Head (Tenn.) 385; 18 Gratt (Va.) 739.

*Riddick & Dobyns,* for appellee.

1. Both the deed of trust and deed were fraudulent and void as to creditors. 20 Cyc. 450; 16 *Id.* 1064; 41 So. 575; 116 Am. St. 208; 65 S. W. 722; 18 Am. St. 894; 38 *Id.* 656; 76 Ark. 252; 68 *Id.* 162; 42 S. W. 183; 74 Ark. 161;

86 *Id.* 225; 56 *Id.* 73; 76 *Id.* 509; 96 *Id.* 531; 101 *Id.* 573; 73 *Id.* 174; 25 Pa. Sup. Ct. 300.

2. There was no error in ordering the property sold. 33 Ark. 328; *Ib.* 454; 112 N. W. 550; 64 Ark. 656; 76 *Id.* 553.

SMITH, J.   Appellee was the plaintiff below, and alleged in its complaint that on the 27th day of March, 1914, it recovered a judgment against appellant, Dr. S. A. Scott, for the sum of $2,303.29, with interest, and that the suit on which this judgment was obtained was filed on the 16th of June, 1913, and that in anticipation of the filing of this suit, Doctor Scott had executed a voluntary conveyance to his wife to lot No. 10, in block No. 9, of Sheldon's Addition to the city of Little Rock.  The date of the deed to Mrs. Scott was October 21, 1913.  Before the date of the submission of this cause, the complaint was amended to allege that on the ........ day of June, 1913, appellant Doctor Scott had executed a deed of trust in favor of his wife to certain other property there described, and that this conveyance was a voluntary one for the fraudulent purpose of enabling appellants to cheat, hinder and delay appellee in the collection of its just demand against Doctor Scott.

After appellee had recovered judgment against Doctor Scott in the original suit, he prosecuted an appeal to this court, and appellee prosecuted a cross-appeal, and we have only recently handed down an opinion upon that appeal. See *Scott v. McCraw, Perkins & Webber Co.,* 119 Ark. 133.

Upon the trial of the cause brought to uncover the property alleged to have been fraudulently conveyed by Doctor Scott to his wife, and for her use and benefit, the court found that the said deed and the deed of trust were voluntary conveyances executed for the fraudulent purpose of defeating appellee in the collection of its judgment, and it was there decreed that if said judgment was not paid within five days, together with the interest and all costs, that the property there uncovered should be sold

by the clerk of the chancery court as commissioner named for that purpose.

Appellants complain alike of the action of the 'court in decreeing said conveyances to be fraudulent, and of the court's action in decreeing a sale of said land by the commissioner named for that purpose, and it is now urged that in no event should said lands be sold by the commissioner of the court, but that a sale thereof, if made at all, should be made under an execution duly levied upon said property.

(1)   We think the court erroneously found that the deed from appellant Scott to his wife for the said lot No. 10, block 9, was fraudulent.   The facts appear to be that Doctor Scott had but little, if any, property of his own at the time of his marriage, but that his wife acquired, through her father, a very valuable estate.   That the health of appellant's wife had failed and she was brought to Little Rock for treatment, whereupon the said lot which adjoined the homestead was purchased.   The proof appears reasonably certain that the initial cash payment of one-third made at the time of the purchase of this lot was advanced by Mrs. Scott's father, and that it was intended that the title to the lot should be taken in her name.   It also appears reasonably certain that the remaining payments were made with funds belonging to his wife, and he testified that, although these remaining payments were made after the deed had been taken in his own name, it was understood and agreed that when the purchase money had been paid, and the vendor's lien for the purchase money had been satisfied, he should then convey said lot to his wife, and that he did so convey it to her within ten days after the last of the purchase money had been paid.

(2)   But the facts appear to be otherwise with reference to the lands described in the deed of trust, which recited that it had been executed for the purpose of securing an indebtedness of $16,000 due by appellant to his wife.   We think the chancellor's finding that this con-

veyance was a voluntary one and was executed for the purpose of putting the property beyond the reach of appellee is not contrary to the preponderance of the evidence. It was alleged and admitted that appellant Scott conveyed in this deed of trust all of his property, and if the conveyance is a valid one, it renders him wholly insolvent. Mrs. Scott owned extensive and valuable farming land in Chicot County, Arkansas, and the town of Eudora was laid off on her land, and appellant received large sums of money from the rent of these lands and from the sale of lots in the town of Eudora. Appellant bought and sold real property on an extensive scale, and while some of his investments proved to be profitable, he lost money on most of them. During this time appellant Scott had accounts in several banks, some of which he kept in the name of his wife, but all of these accounts were subject to his check, and were drawn upon in the name of his wife by him, and no attempt appears to have been made to keep any separate account of the money received from the rent or sale of any of his wife's property, and there is nothing to indicate that the use which he made of his wife's money was intended as a loan, and no notes were ever given, nor was there other evidence that these transactions were loans, although the use of this money extended over a period of about nine years. The proof shows that on the 5th of June, 1913, an attorney representing appellee called on appellant Scott at his home in the city of Little Rock, and demanded payment of the sum due appellee, but failing to get satisfaction, notified appellant Scott that suit would be filed against him at once to collect the account. On the 10th of June thereafter, the deed of trust conveying the property in question to Mrs. Scott was filed for record in Chicot County, and on the 18th day of June thereafter the same instrument was filed for record in Pulaski County. And while the proof does not show the value of the property so conveyed, it is admitted that it embraced everything owned by appellant Scott.

In the case of *Waters* v. *Merit Pants Co.,* 76 Ark. 254, it was said:

"It is settled by the decisions of this court that an insolvent husband, when justly indebted to his wife, may, without fraud, prefer her claim to that of other creditors, and make valid appropriation of his property to pay it, even though the result be to deprive other creditors of the means to satisfy their claims. But such transactions between husband and wife are viewed by the courts with suspicion, and the perfect good faith of the transaction must be established by proof. Where the wife asserts, as a consideration for conveyance of his property to her, a claim of debt against her insolvent husband for money loaned to him many years previous, no note or other written evidence of an agreement to repay being shown to have been executed, and the alleged debt having become stale by long lapse of time, as in this case, her bare statement should be corroborated by some other evidence of the existence of a valid debt, before the courts can accept it in support of the conveyance."

There is no evidence of this indebtedness except that of appellant, and as has been said, there was no note or other writing evidencing its existence. Appellant dealt with the property in question as his own, and it formed in part at least the basis of the credit extended him. *Goodrich* v. *Bagnell Timber Co.,* 105 Ark. 90.

Nor do we think any error was committed by the court in ordering the sale of the property which had been uncovered by the decree of the court. In the case of *Merchants & Farmers Bank* v. *Harris,* 113 Ark. 111, it was said:

"The chancery court having acquired jurisdiction for the purpose of setting aside the fraudulent conveyance, should not only grant the relief prayed for in that respect, but should proceed to enforce the lien by ordering the land in controversy sold to satisfy the judgment in favor of appellant. The chancery court, having assumed jurisdiction for one purpose, will retain it for all and grant all the relief, legal or equitable, to which the parties are entitled.

See *Apperson* v. *Ford,* 23 Ark. 746; *Apperson* v. *Burgett,* 33 Ark. 328; *Cribbs* v. *Walker,* 74 Ark. 104; *Dugan* v. *Kelly,* 75 Ark. 55; *Dickinson* v. *Arkansas City Imp. Co.,* 77 Ark. 576.''

(3)   We think, however, that an unreasonably short time was allowed to appellant in which to pay the judgment, and that under the circumstances more than five days should have been allowed for this purpose, and that the decree of the court below must be reversed on that account.   Likewise, the decree in so far as it adjudges the conveyance of the said lot No. 10, block No. 9, to have been fraudulent is reversed, but as to the property described in the deed of trust, the decree is affirmed.   The cause will be remanded with directions to the court below to enter a decree in accordance with this opinion.

McCulloch, C. J., disqualified and not participating.