## In re THORSEN.

(District Court, D. Colorado. September 8, 1922, as Modified October 27, 1922.)

### No. 4137.

1. **Bankruptcy ⏦161(1)—Mortgage to wife, executed more than four months prior to bankruptcy, to secure pre-existing debt contracted before marriage, valid.**

Where a wife advanced money to her husband prior to their marriage out of her own fortune, taking his written obligation to repay it, and after their marriage, but more than four months before bankruptcy, to secure a preference over her husband's other creditors, she took a new note for and a mortgage to secure this debt, the mortgage was valid.

2. **Bankruptcy ⏦324—Interest on preferred claim of bankrupt's wife allowed only in strict accordance with agreement.**

Where wife of bankrupt secured a preference by taking a mortgage for a pre-existing claim, the whole transaction should be scrutinized, and all doubts resolved against the wife, allowing interest only in strict accordance with the agreement.

In Bankruptcy. In the matter of the bankruptcy of Peter L. Thorsen. On petition for review of the findings of the referee on the claim of the secured debt of Lenore L. Thorsen. Referee's findings approved, as modified.

James Grafton Rogers, of Denver, Colo., for trustee and creditor. Samuel H. Kinsley, of Colorado Springs, Colo., for bankrupt.

SYMES, District Judge. [1] This matter is before the court on the several petitions of the trustee and the creditor, Klauer, for review of the findings of the referee on the claim of the secured debt of Lenore L. Thorsen. The claim, $8,897 and interest, is based upon a note of the bankrupt, given and dated July 23, 1921, secured by second deed of trust upon certain real property at Colorado Springs. The original consideration for the debt was a loan of $2,500 to the bankrupt by the claimant, made July 27, 1889, evidenced by a writing then executed by him, and still held by the claimant, acknowledging receipt of $2,500, and

⏦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

containing an agreement of the bankrupt to pay interest at 8 per cent. on $1,500 only of said amount. No payments on account were ever made.

There is little or no dispute of fact. It clearly appears there was ample consideration for the writing upon which the claim is based. It is also material to note that the money advanced by the claimant to her now husband was her own independent funds, which she possessed and lent him prior to their marriage. In the objections to the claim, the fact is stressed that the claim was apparently forgotten until the new note and the mortgage were given on July 23, 1921. While the evidence is somewhat indefinite on this, there is some, at least, to the effect that it was discussed at different times, and a tentative arrangement made to pay the same just prior to the Cripple Creek fire. It is also uncontradicted that thereafter, on one or two occasions, payment of the same was discussed between the parties. The new note and security were given more than four months before bankruptcy, and clearly for the purpose of gaining a preference over the then impending judgment of Klauer.

The plaintiff, Mrs. Thorsen, on her own initiative, did what any prudent business man would do when she saw that her husband's affairs were involved. She consulted reputable counsel, and followed his advice in protecting her claim, and in this way properly secured a preference over her husband's judgment creditor, who was also properly attempting to put his claim in a preferred position. Of the authorities cited, we believe Davis v. Schwartz, 155 U. S. 631, 15 Sup. Ct. 237, 39 L. Ed. 289, is most in point. The following language is applicable:

"The fact that the assignee or the preferred creditor of an insolvent debtor is a relative or intimate friend is doubtless calculated to excite suspicion; yet in reality there is nothing unnatural in a dealer or trader who is in need of credit, or a loan of money to carry on his business, first applying to his relatives for such loans, and if the evidence be undisputed that the money was advanced. the fact that the persons making the loan are relatives ought not to debar them from receiving security. Their rights are neither increased nor diminished by the fact of relationship. * * * But where a person, being lawfully indebted to several creditors, makes a mortgage or other conveyance to one for the open and avowed purpose of preferring him, then, in the absence of a law of the forum prohibiting preferences, such mortgage or conveyance is valid, though it may operate to bar other creditors from obtaining satisfaction of their debts. * * *

"In this case the preferred creditors receive no more than they are entitled by law to have, and the fact that they know that other creditors will suffer by their preference does not show a want of good faith. The effect of every mortgage to a creditor as security for the payment of a pre-existing debt is to withdraw the value of the property covered by the security from the assets of the debtor, which would otherwise be available in satisfaction of his other debts. But unless a general bankrupt law or a law of the particular state makes the preference illegal, it is difficult to see why mortgages given under the circumstances that these were given should be held to be invalid. * * * We do not understand it to have ever been doubted that a debtor may openly prefer one creditor to the rest, and may transfer property to him or give him security even after others have begun their actions."

We have examined numerous cases out of the great number that deal with the business relations between a wife and her insolvent husband, and note the very strict rule laid down. They are all on a different state of facts from those of the instant case. In none of the cases that we have read, setting aside transactions between husband and wife that

are to the detriment of other creditors, does it clearly appear that the wife actually advanced funds, as here, to the husband, prior to their marriage, out of her own independent fortune, and took, as in the instant case, a written acknowledgment and agreement in regard to repayment. For instance, it is said in one of these cases—Waters v. Merrit Pants Co., 76 Ark. 252, 88 S. W. 879 (1905):

"It is settled by the decisions of this court that an insolvent husband, when justly indebted to his wife, may, without fraud, prefer her claim to that of other creditors, and make valid appropriation of his property to pay it, even though the result be to deprive other creditors of the means to satisfy their claims."

The court in this case, it is true, set aside the conveyance; but it was because there was no written agreement on the part of the husband to pay the wife, and properly held, we think, that her bare statement in regard to the indebtedness was not sufficient proof thereof.

[2] On the question of interest we disagree with the learned referee. The claimant relies upon the written instrument, and, as the court in this class of cases is bound to scrutinize the whole transaction with great care, and resolve any doubts against the claimant, interest should only be allowed in strict accordance with the agreement.

It is the order of the court, therefore, that the claim be allowed for $6,338.68, with interest at 8 per cent. from July 23, 1921, to the date of the filing of the petition in bankruptcy.