COOK, COMMISSIONER OF REVENUES *v.* PRANGER.

4-8806                                        219 S. W. 2d 420

Opinion delivered March 28, 1949.

*O. T. Ward,* for appellant.

*Kenneth C. Coffelt,* for appellee.

ED. F. McFADDIN, Justice. The State Commissioner of Revenues (hereinafter referred to as "State Commissioner") filed a suit for discovery. From a decree refusing the prayed relief, there is this appeal.

From October 1, 1943, to February 12, 1948, H. W. Pranger owned and operated a service station in Benton, Arkansas, and in the station he sold various items of merchandise as a retailer. He failed to comply with any of the provisions of the Arkansas Gross Receipts Act (Act 386 of 1941); that is, he failed, entirely, to obtain a permit or make a report or pay the State the tax due on the retail sales. On February 12, 1948, Pranger sold his service station and entire stock of merchandise to J. D. Flournoy and J. C. Heath for approximately $6,000, and made disposition of the money as hereinafter detailed.

In March, 1948, the State Commissioner determined a tax liability of $1,272 against Pranger, because of said retail sales and the delinquencies as above mentioned. A certificate of indebtedness was filed in Saline county as provided by § 11 of said Act 386. After execution and attachment had each been returned *nulla bona,* the State Commissioner on April 30, 1948, filed petition for discovery in the Saline Chancery Court. The defendants were H. W. Pranger, Mrs. H. W. Pranger, J. D. Flournoy, J. C. Heath and the Benton State Bank. In the petition the State Commissioner set out the facts as heretofore stated, and made other allegations, and sought to obtain certain money and property, claimed to be-

long to H. W. Pranger and in the possession of the other defendants, in an amount sufficient to satisfy the State's claim against H. W. Pranger.[1] In addition to the facts as previously stated, the following matters were developed in the trial in the Chancery Court.

1.   Flournoy and Heath admitted owing Pranger a balance of $228.10 for the service station and merchandise.   They were ordered to pay that balance into the court.

2.   Flournoy and Heath had paid Pranger $5,832.46 on February 14, 1948, and he had deposited that amount to his credit in the Benton State Bank. From such money he had paid his debts to the bank and his supplying oil company; and on March 16, 1948, had deposited $1,558.31 to the individual account of Mrs. H. W. Pranger, his wife.   There was left only $30 in Pranger's account in the bank, which was held to await the outcome of this suit.

3.   From the said $1,558.31, Mrs. Pranger had left in her said bank account at the time of the trial, only $569.70; and she claimed this to be her separate property. In addition, Mrs. Pranger claimed two automobiles (a 1940 Buick sedan and a 1936 Ford pick-up truck) to be her separate property, even though she had registered both of these vehicles in her husband's name.   It was testified that Mrs. Pranger's father gave her the money used by Mr. Pranger in the original purchase of the service station and the two automobiles; and it was claimed that Mrs. Pranger had allowed Mr. Pranger to use her money and the vehicles.   The Chancery Court held that the bank account and the vehicles were the individual property of Mrs. Pranger, and denied the State's claim.   To reverse that decree, the State has appealed.

In *Bunch* v. *Empire Cotton Oil Co.*, 158 Ark. 462, 250 S. W. 530, the wife had allowed her husband to use her separate property for many years as his own, and, when the husband became financially embarrassed, the wife

[1] It appears that the State has pending an action against J. D. Flournoy and J. C. Heath, seeking to hold them liable for the amount due the State by Pranger; but that action is not before us in the present appeal, and nothing herein is in determination of that case.

attempted to assert her separate property claim against the creditors of the husband. Chief Justice McCulloch, speaking for this Court, said:

"We are of the opinion that Mrs. Bunch is estopped to claim a beneficial interest in the property, by reason of the fact that she has permitted the same to be held ostensibly by her husband to form a basis of his own credit. The case falls within the rule often announced by this court that 'where a married woman permits her husband to use her separate estate as his own, and to obtain credit on the faith that the estate so used is his own, she will not be allowed afterwards to assert her claim to the property as against her husband's creditors.' *Driggs & Co's Bank* v. *Norwood,* 50 Ark. 42, 6 S. W. 323, 7 Am. St. Rep. 78; *Geo. Taylor Com. Co.* v. *Bell,* 62 Ark. 26, 34 S. W. 80; *Davis* v. *Yonge,* 74 Ark. 161, 85 S. W. 90; *Sharp* v. *Fitzhugh,* 75 Ark. 562, 88 S. W. 929; *Roberts* v. *Bodman-Pettit Lbr. Co.,* 84 Ark. 227, 105 S. W. 258; *Latham* v. *First National Bank of Fort Smith,* 92 Ark. 315, 122 S. W. 992; *Goodrich* v. *Bagnell Timber Co.,* 105 Ark. 90, 150 S. W. 406."

The quoted holding in the Bunch case is ruling here. The State, in its claim for retail sales tax, is certainly in as strong a position as any other creditor. Mrs. Pranger, by her leniency with her husband, put it within his power to become indebted to the State for the retail sales tax. If she had not let him use her money to purchase and operate the service station, then he would never have become indebted to the State for the tax, the amount of which is not here contested. The vehicles were also used in the business of the service station. From 1943 to 1948, H. W. Pranger was listed as the sole owner of the service station and the vehicles. The State is entitled to the balance in Mrs. Pranger's bank account and a lien on the two vehicles.

The judgment of the chancery court is reversed, and the cause is remanded with directions to enter a decree in accordance with this opinion.