PAPAN *v.* NAHAY.

Opinion delivered January 13, 1913.

1. FRAUDULENT CONVEYANCES—BURDEN OF PROOF.—Where N. recovers judgment against P. for slander, and P., after service of summons, conveys all of his property to his wife, and N. files suit in chancery alleging that the conveyance was fraudulent, and praying that it be set aside and the lands subjected to his judgment, the conveyance from P. to his wife will be viewed with suspicion and the burden is upon the wife to show that the conveyance was not executed for a fraudulent purpose; and, on the day of trial, the wife, having filed her answer, but failing to appear, a decree against her will be entered. (Page 236.)

2. VOLUNTARY CONVEYANCE—PRESUMPTION.—Conveyances made to members of the household and near relatives of an embarrassed debtor are looked upon with suspicion and scrutinized with care, and when they are voluntary they are *prima facie* fraudulent, and when the embarrassment of the debtor proceeds to financial wreck, they are presumed conclusively to be fraudulent as to existing creditors. (Page 236.)

3. MEETING OF CHANCERY COURT—NOTICE.—Terms of court are fixed by law and litigants are charged with notice of the dates upon which they convene. (Page 235.)

Appeal from Prairie Chancery Court, Southern District; *John M. Elliott,* Chancellor; affirmed.

STATEMENT BY THE COURT.

The litigation between the parties to this record, out of which this appeal grew, originated in a suit instituted by the appellee in the Prairie Circuit Court for the Southern District against John A. Papan, wherein a judgment for $100,000 was demanded for slander. The summons was issued on the complaint in that cause and served on the defendant December 1, 1910, and on the 28th of March, 1911, during the regular term of the Prairie Circuit Court, appellee's action for slander was called for trial and the defendant failed to answer and a jury was summoned and assessed appellee's damages at $1,000, and judgment was rendered against the said John A. Papan for that amount. Later an execution was issued on said judgment and returned *nulla bona* and an *alias* execution was issued and levied upon certain lands hereinafter mentioned. After the service of the sum-

mons upon the said Papan, he executed a warranty deed in which his wife joined for a recited consideration of one dollar, conveying the lands above referred to and all his personal property to one A. E. Smith and on the following day, the said Smith made a quitclaim deed for a consideration of one dollar, conveying the same property to Kate Papan, the wife of the said John A. Papan. The appellee filed his complaint in the Prairie Circuit Court for the Southern District of that county, alleging the facts here recited and stating that the said Papan was insolvent and had no property upon which an execution could be issued, except the lands upon which said *alias* execution had been levied, and he alleged that the said deeds had been made for the purpose of hindering, delaying, defrauding, and cheating him out of his said judgment. He prayed, therefore, that said deeds be set aside and held for naught; and that said lands be subjected to the payment of said judgment and that a commissioner be appointed to sell said lands.

The appellant, Kate Papan, filed her separate answer to the complaint in which she alleged that she knew nothing of her own knowledge of any suit brought by appellee against her husband in December, 1910, nor as to whether any judgment had been rendered in March, 1911. She admitted that the transfers referred to in the complaint were made and alleged that it was not true that either of said conveyances were made with the intention of hindering, delaying, or defrauding appellee in the collection of any judgment he might have against her said husband, but that said property was conveyed to and received by her because the same properly belonged to her; that she had furnished the money to purchase the same; that said money having been either inherited by her, or accumulated by her, or earned before she married her said husband; that in the purchase of said property, her husband acted as her agent and without her knowledge or consent had the deeds for said property made to himself and that the deeds referred to in appellee's complaint, were made for the purpose of conveying to her that which justly be-

longed to her; that she did not know that said deeds were made to her said husband until some time in the year 1910, and as soon as she ascertained that fact, she began efforts to have the title properly placed in her name and succeeded in doing so in January, 1911. She prayed that said complaint be dismissed and that she have judgment for costs. The foregoing answer was filed November 8, 1911, by T. P. Atkins, Esq., attorney for Kate Papan, but it appears that the said Atkins withdrew from the case in open court on April 8, 1912. The reason for his withdrawal does not appear, but appellant makes no point of that fact.

At this April term of the chancery court, the court rendered a decree in which it was recited that the defendants, John A. Papan and his wife and their codefendants, A. E. Smith, were duly served with summons and came not, but wholly made default, and that the cause was submitted to the court on the complaint of the plaintiff, the separate answer of the defendant, Kate Papan, the judgment and execution records of the Southern District of Prairie County, the deed records of said county and district, and the court found the facts to be that the deeds conveying all of the property, both real and personal, of the said Papan, were executed without any consideration, therefore they were made with the intention to cheat, hinder, and defraud the appellee in the collection of his judgment in the slander suit; the facts in regard to which being fully set out, and the court found from the returns of the sheriff that the said Papan was insolvent, and had no property out of which said judgment could be collected. The court decreed that each of said deeds are void and set them aside and decreed that the lands be subjected to the payment of said judgment and the cost thereof, and the clerk of the court was appointed commissioner with directions to sell the lands upon terms there mentioned, after giving the notice there provided for.

The commissioner named in the decree gave notice that the property would be sold on May 24, 1912, whereupon the appellant filed a motion in said court, asking

that the foregoing decree be set aside and set up sub-
stantially the facts in her motion heretofore recited and
reiterated her good faith in the transaction resulting in
the conveyance to her of the lands advertised to be sold.
She set up the fact that at the time of filing her motion,
the court had not finally adjourned and she prayed that
the relief asked, be granted her on the 28th of June, 1912,
to which said time the court was adjourned. She further
stated that she was unfamiliar with court procedure and
did not know that court was in session or that it was
necessary for her to produce any proof or to answer
other than she had already done. The appellee filed a
demurrer to the foregoing petition upon the grounds;
first, that there is no equity in said motion; and, second,
that said motion did not state facts sufficient to consti-
tute a cause of action or any grounds of relief. The
court sustained this demurrer at its said adjourned term
and overruled appellant's motion to set aside the decree.
This appeal is prosecuted both to reverse the original
decree and also the decree sustaining appellee's demur-
rer to appellant's motion to set aside that decree.

*Manning & Emerson,* for appellant.

A trial court can not render judgment by default
against a defendant and without the introduction of evi-
dence give judgment in favor of the plaintiff when that
defendant's answer, denying all the material allegations
set forth in the complaint and presenting an issue thereon,
is on the file, and the issue presented is undetermined.
23 Cyc. 743, and cases cited; 5 Am. & Eng. Enc. of L.
(1 ed.), 496-b, 496-c, 496-d and 496-e, and cases cited; 4
Ark. 526; 5 Ark. 194; 17 Ark. 454; 23 Ark. 19; 25 Ark.
623; 42 Ark. 268; 89 Ark. 359; 90 Ark. 86. See also 73
Ill. App. 159; 70 *Id.* 504; 106 *Id.* 79; 6 Ind. 33; 117 S. W.
(Tex.) 1012; 28 Ky. 166; 73 S. W. (Ky.) 1023; 1 Miss.
108; 28 So. (Miss.) 21; 46 Pac. 489; 53 Ind. 258; 52 S. E.
418; 107 N. W. 1060; 110 N. W. 306; 95 Pac. 907.

*Dan W. Jones,* for appellee.

1. The answer required no proof on the part of
appellee, but the burden of proving the allegations

therein was wholly on appellant. No evidence being furnished by her, there was no issue pending, and the court was right in rendering the decree upon the record presented. Since there was no application for time to produce such evidence, nor any excuse offered for failure to produce the same, it must be concluded that there was no evidence to establish the answer. 8 Am. & Eng. Enc. of L. (1 ed.), 777, 778, note 1, and cases cited; 64 Md. 296; 73 Ark. 174; 86 Ark. 225, 230.

2. The conveyances were purely voluntary between husband and wife, and were fraudulent and void as against creditors. 46 Ark. 542; 44 Ark. 180; 55 Ark. 633; *Id.* 116; 30 Ark. 417; 29 Ark. Law Rep. 132; 14 Am. & Eng. Enc. of Law (2 ed.), 242; 76 Ark. 509; 56 Ark. 80; 52 Ark. 493; 59 Ark. 224; 20 Cyc. 444, 445, 446; 45 Ark. 520.

3. Claims for damages arising from torts are within the protection of statutes against fraudulent conveyances; and persons having a cause of action for libel, slander, assault and battery, etc., are regarded as creditors within the meaning of such statutes. 20 Cyc. 430, 431; *Id.* 396; 33 Ark. 328.

4. Appellant can not claim ignorance of the time when court was to be held, nor of the fact that it was necessary to produce proof, and no question is raised as to the conduct of her attorney in withdrawing from the case, nor is there any claim of fraud practiced upon her by appellee or his attorneys. 104 Ark. 562; 14 Ark. 32; 13 Ark. 600; 66 Ark. 183; 104 Ark. 127.

SMITH, J., (after stating the facts). The court was in error in saying that appellant came not but wholly made default, for the very recitals of the decree itself shows the existence of an answer in the files. But from all the recitals of the decree, it appears that what the court did find was that appellant was in default in the trial of the case. The answer had been filed for more than five months at the time of the rendition of the original decree and during that time appellant had taken no proof to support the allegations of her answer. As has been

stated no point is made about the retirement of her attorney from the case. This was done in open court and in her motion to set aside the original decreé she does not complain of any neglect or misconduct upon his part. The allegation that she was not advised of the term of the court is without merit, because the terms of court are fixed by law and she is charged with notice of the dates upon which the court did convene, and, besides, the summons upon her notified her when she was required to answer under the law. It is not contended that she was misled or deceived by the appellee or any one acting for him. In fact it affirmatively appears that she knew that she would be required to make defense to the suit, because she had employed an attorney for that purpose.

The decree recites, and its recitals are not questioned, that the cause came on for trial and that the plaintiff there was present, ready for trial and the cause was heard by the court upon the record there then produced, and it remains to be seen whether or not upon the record as it was presented to the court an erroneous decree was entered. To determine this question it will be necessary to consider the character of the proceedings together with the allegations of the complaint and answer. We are of the opinion, under the state of the record, that the burden of proof was upon the defendant, if the appellant in his suit for slander is to be regarded as a creditor within the protection of the statutes against fraudulent conveyances. And in 20 Cyc., at page 430, the rule is announced as follows: "The well-nigh universal rule is that claims for damages arising from torts are within the protection of the statutes against fraudulent conveyances. Thus a person having a cause' of action for libel or slander (and other torts there named), are regarded as creditors and within the meaning of such statutes." Numerous cases are cited to and do support the text. The proof, which the record recites the court had before it, affirmatively shows the insolvency of the said John A. Papan. The execution which was offered in evidence had been returned *nulla bona.* Moreover, the very deeds which it was sought to set

aside, contained the recital that the said Papan was there conveying all of his property, both real and personal, and they are the deeds which appellant alleged in her answer were made in good faith. Their necessary effect was to render Papan insolvent. This being true, and the case having been reached regularly for trial, the question before the court was, should the cause be dismissed for the want of prosecution or was the burden upon the defendant to establish her defense; in other words, to determine which of the parties were in default.

Many cases have discussed the question of the conveyance by embarrassed debtors to members of their own household; a number of them being decisions of our own court upon that subject and the rule appears to be that announced by Chief Justice HILL in the case of *Wilkes* v. *Vaughn,* 73 Ark. 174, as follows: "It is thoroughly settled in equity jurisprudence that conveyances made to members of the household and near relatives of an embarrassed debtor are looked upon with suspicion, and scrutinized with care, and when they are voluntary they are *prima facie* fraudulent and when embarrassment of the debtor proceeds to financial wreck, they are presumed conclusively to be fraudulent as to existing creditors." In the case of *McConnell* v. *Hopkins,* 86 Ark. 225, in a decision by Mr. Justice WOOD, the above case was quoted with approval and it was said that the conveyance there considered was a voluntary one and executed under circumstances which cast grave suspicion upon the good faith of the transaction and the burden was therefore upon the grantee to show that the conveyance was not executed for a fraudulent purpose. So in this case, the conveyance was purely voluntary and the conveyance to and from the defendant Smith was for the purpose of vesting the title in the appellant; the conveyance rendered Papan insolvent and was executed after the institution of a suit against him for a large sum, claimed as damages, which he did not defend and which resulted in a judgment against him for $1,000; under these circumstances the burden of proving the good faith of this transaction was upon appellant and she was in default

in not having done so and this is what was evidently meant by the court in the recital that she had made default.   In other words, this was a judgment upon the pleadings.   .*McConnell* v. *Hopkins*, 86 Ark. 230; *Wilkes* v. *Vaughan*, 73 Ark. 174; *Hershy* v. *Latham*, 46 Ark. 542; *Goodrich et al.* v. *Bagnell Timber Co.*, 83 Ark. 547; *Leonard* v. *Flood*, 68 Ark. 62; *Carmack* v. *Lovett*, 44 Ark. 180; *Gilbert* v. *Cook*, 30 Ark. 417; *Brady* v. *Irby*, 101 Ark. 573; 142 S. W. 1124; *James* v. *Mallory*, 76 Ark. 509; *Rudy* v. *Austin*, 56 Ark. 80; *Driggs* v. *Norwood*, 50 Ark. 46; *Campbell* v. *Jones*, 52 Ark. 493; *Stix* v. *Chaytor*, 55 Ark. 116; *May* v. *State Nat. Bank*, 59 Ark. 614; *Reeves* v. *Sherwood*, 45 Ark. 520; 20 Cyc. p. 445, and the cases there cited.

·    Affirmed.