KAUFMAN v. CITIZENS' BANK.

4-3426

Opinion delivered April 23, 1934.

*Claude V. Holloway,* for appellants.

*Trimble, Trimble & McCrary,* for appellees.

JOHNSON, C. J. This proceeding is an attack by a creditor upon a deed conveying a 40-acre tract of land situated in Lonoke County and a certain transfer of 48 shares of common stock in a cotton gin plant. The con-

veyance and stock transfer were made by appellant, A. H. Kaufman, to his wife, Irvey Shifflett Kaufman. The evidence on behalf of appellee tended to establish the following facts:

That on and prior to March 30, 1932, A. H. Kaufman was indebted to appellee in a sum in excess of $9,000 and was otherwise indebted in a very large sum of money. On this date A. H. Kaufman appeared to be the owner of the 40-acre tract of land, same being in his name upon the records of the county, and the 48 shares of gin stock were also possessed and controlled by him. On December 23, 1932, there was filed for record in Lonoke County a deed from A. H. Kaufman to his wife, conveying this 40-acre tract. This deed purported upon its face to be executed April 15, 1928. On July 3, 1932, A. H. Kaufman caused to be transferred and assigned to his wife the 48 shares of gin stock. These conveyances denuded A. H. Kaufman of all his visible property. The testimony on behalf of appellants tended to establish that the deed dated April 15, 1928, from A. H. Kaufman to his wife was a valid gift, made and executed at a time when A. H. Kaufman was solvent; that the transfer of the gin stock on July 3, 1932, by Kaufman to his wife was the consummation of the previous intentions of the parties in that Mrs. Kaufman had furnished the purchase price of the gin stock and had always been the equitable owner thereof.

Upon the evidence thus adduced, the trial court rendered judgment in favor of appellee and against A. H. Kaufman for the sum of $10,441.72; determined that the deed from A. H. Kaufman to his wife of April 15, 1928, to the 40-acre tract of land was fraudulent and void and should be canceled in so far as it affects appellees' right as a creditor; and further adjudged that the transfer of the 48 shares of gin stock by Mr. Kaufman to his wife was fraudulent, but that the wife had in good faith advanced to her husband, as a loan, $450, which was used by Mr. Kaufman in the purchase of said gin stock and decreed a lien in favor of Mrs. Kaufman against the gin stock for this sum. No cross-appeal has been prosecuted

from this branch of the case. The chancellor was fully warranted in finding that the deed from A. H. Kaufman to his wife conveying the 40-acre tract of land was fraudulent. The validity of this deed, the intentions of the parties in reference to its execution and the facts and circumstances surrounding its execution and the parties thereto should be ascertained and determined as of date the deed was filed for record, and not of its purported date of execution. It is practically admitted by Mr. Kaufman that on December 23, 1932, the date on which this deed was filed for record in Lonoke County, he was notoriously insolvent, and all the testimony adduced tends to establish this fact. The rule of law, in reference to conveyances under the facts and circumstances here presented is well settled in this State, and is to the following effect:

"Conveyances made to members of one's household and to near relatives of an embarrassed debtor are looked upon with suspicion and scrutinized with care; when voluntary they are presumed fraudulent, and when the embarrassment of the debtor proceeds to financial wreck such conveyances are conclusively presumed to be fraudulent as to existing creditors." *Wilkes* v. *Vaughan,* 73 Ark. 174, 83 S. W. 913; *Papan* v. *Nahay,* 106 Ark. 230, 152 S. W. 107; *Brady* v. *Irby,* 101 Ark. 573, 142 S. W. 1124; *Fluke* v. *Sharom,* 118 Ark. 229, 176 S. W. 684.

Moreover, viewing this deed from the standpoint of the date of its purported execution—that is to say April 15, 1928—Mrs. Kaufman cannot succeed in this action. We have many times held that, where a wife permits her husband to possess and control her separate property as his own and creditors rely upon such apparent ownership in the husband and lend credit thereon, the wife is estopped to assert her superior rights. *Haffke* v. *Hempstead County Bank & Trust Co.,* 165 Ark. 158, 263 S. W. 395; *First Nat. Bank* v. *Herring,* 159 Ark. 317, 252 S. W. 37; *Bunch* v. *Empire Cotton Oil Co.,* 158 Ark. 462, 250 S. W. 530.

The doctrine just announced has full application to the transfer of the gin stock. Conceding that Mrs. Kaufman furnished the money for the purchase of this stock

in 1925, she thereafter permitted her husband to possess and control it as his own until July 3, 1932, and by these affirmative acts led creditors to believe that A. H. Kaufman was the true and lawful owner thereof. She will not now be heard to say otherwise.

The decree is correct, and must be affirmed.