## DENT v. ADKISSON.

4-3991

Opinion delivered November 11, 1935.

*Barber & Henry* and *J. A. Tellier,* for appellants.

*R. W. Robins,* for appellees.

JOHNSON, C. J. This is the fourth appearance of this case here. On the first appeal, 184 Ark. 869, 43 S. W. (2d) 739, we held that appellants' (who are also appellants here) exceptions to the report of sale under the mortgage foreclosure were sufficient, if sustained by the testimony, and remanded the cause for this determination. Pending the first appeal, appellants instituted an independent action in the Faulkner Chancery Court setting forth facts almost identical with those set forth in the exceptions to the report of sale considered on the first appeal, save that they alleged that appellee had been in possession of the mortgaged premises, enjoying rents and profits, for which an accounting should be had. The trial court sustained a demurrer to the complaint in this independent action, and on appeal we reversed and remanded this cause, see 185 Ark. 1188, 51 S. W. (2d) 523. While the last-mentioned case was pending on appeal here, the trial court heard evidence upon appellants' exceptions to the report of sale as directed upon remand in the first appeal. This hearing resulted in the confirmation and approval of the report of sale. An appeal was duly prosecuted by appellants from this determination which resulted in an affirmance, 186 Ark. 912, 56 S. W. (2d) 768. The opinion in the last-mentioned case was

handed down on February 6, 1933. On April 4, 1933, the trial court at the motion of appellees, dismissed appellants' complaint in the independent action, which was pending on remand from this court, for want of prosecution. The litigation thus rested until May 8, 1934, when appellants filed the present proceeding seeking the vacation of the previous order of dismissal. This motion to vacate alleged a complete history of the litigation as reported and that the dismissal was effected without notice to appellants; also that by agreement or understanding between the parties the matters involved in said suit were passed for trial until a decision was had on the appeal in this court in reference to appellants' exceptions to the report of sale. To this motion to vacate, a demurrer was interposed and sustained by the trial court, and this appeal comes from that order.

The judgment of dismissal was entered on April 4, 1933, and the motion to vacate was filed May 8, 1934, or more than one year thereafter. The judgment of dismissal therefore had become final and conclusive save that it might be vacated for one or more of the reasons stated in § 6290 of Crawford & Moses' Digest. The fifth subdivision of § 6290 is the only provision that could possibly, under the most favorable view, have any application to the facts alleged in appellants' motion to vacate. This subdivision provides: "For fraud practiced by the successful party in the obtaining of the judgment or order," such judgment or order may be vacated. We have always held that the fraud referred to in this subdivision was fraud practiced upon the court in the procurement of the judgment or order and not upon the party or parties to the litigation. See *Holland* v. *Wait, ante* p. 405, and cases there cited.

The only allegation of the motion to vacate which presents even a remote allegation of fraud is that the parties agreed that the pending case would not be tried until the appeal in the pending case in this court was determined. Accepting this allegation as true, it appears that this agreement ended on February 6, 1933, the date on which our opinion was handed down in said case or approximately two months before the order of dismissal

was entered. This length of time afforded appellants ample opportunity to take some affirmative steps looking to the final disposition of the cause on its merits. Appellants urge, however, that no notice was given them that application would be made for the dismissal of said cause on April 4, 1934. We know of no rule of law or statute, and none has been cited to us by counsel, which requires notice in advance of proceedings similar to these under consideration. It is fundamental that parties litigant must take notice of the convening of the court in which they have pending litigation. *Papan* v. *Nahay*, 106 Ark. 230, 152 S. W. 107.

For the reasons stated, the trial court was correct in dismissing appellant's motion to vacate, and the judgment must be affirmed.