DENT *v.* ADKISSON.

4-6380                           157 S. W. 2d 16

Opinion delivered November 24, 1941.

*Caudle & White,* for appellant.

*R. W. Robins,* for appellee.

GRIFFIN SMITH, C. J. Petition for bill of review was filed by R. E. Dent and his wife in 1939. Mrs. C. M. Cazort intervened, adopting the Dent complaint. August 27, 1940, the causes were dismissed, the order reciting that the plaintiffs and intervener were granted an appeal. The appeal was not lodged within the ninety days allowed therefor. Subsequently the Dents moved for reconsideration and were overruled February 18, 1941. One day within six months from August 27, 1940, the Dents filed partial transcript and were granted an appeal by the clerk of this court. No appeal was prayed for the intervener; hence, her contentions cannot be considered.

This is the fifth appeal[1] testing correctness of the lower court's orders and decrees in litigation growing out of a loan of $60,000 made December 30, 1927, by G. W. Adkisson to R. E. and Vivian C. Dent, husband and wife, who mortgaged 4,200 acres to secure two notes: one for $10,000 due October 1, 1928, the other for $50,000, due December 30, 1930. In appellants' brief it is stated that prior to 1929 the property had a value in excess of $150,-000. Approximately half of the loan was repaid. Facts relating to the various transactions are in the opinions cited in the first footnote.

More than three and a half years elapsed between the time the opinion of November 11, 1935, was handed down, and action by appellants in seeking to have the litigation reopened. While all of the matters now urged were not before the courts during the period from 1931 to 1935,

---

[1] *Dent* v. *Adkisson,* 184 Ark. 869, 43 S. W. 2d 739 (opinion delivered Nov. 30, 1931); *Dent* v. *Adkisson,* 185 Ark. 1188, 51 S. W. 2d 523 (opinion delivered June 13, 1932); *Dent* v. *Adkisson,* 186 Ark. 912, 56 S. W. 2d 768 (opinion delivered February 6, 1933); *Dent* v. *Adkisson,* 191 Ark. 901, 88 S. W. 2d 826 (opinion delivered November 11, 1935).

the facts here alleged were known when the other suits were brought, or by the exercise of diligence they could have been ascertained.

We agree with appellants that, financially, the results have been tragic; and in reversing decrees in 1931 and 1932 this court sought to preserve to appellants all of their rights and to safeguard their equities in so far as was permissible within the law. But during the lapse of years both the mortgagee and the chancellor who decided the issues have died; and the property is now in the hands of Adkisson's widow, co-administrators, and his heirs. It would be difficult indeed for a court to go back to the foreclosure decree of May, 1929 (from which there was no appeal) and direct resale and an accounting, without derangements greater than those complained of by appellants.

By bill of review a decree may be reversed or modified after lapse of the term if an error of law appears upon the face of the record, or if facts material to an equitable determination of the issues have since been ascertained which, through no fault of the petitioner, were not known when trial was had. *Smith* v. *Rucker,* 95 Ark. 517, 129 S. W. 1079, 30 L. R. A., N. S., 1030.

In the Smith case it was said that a decree, once solemnly entered, should not be set aside or modified except for cogent reasons. In citing *White* v. *Holman,* 32 Ark. 753; *Woodall* v. *Moore,* 55 Ark. 22, 17 S. W. 268, and *Dumont* v. *Des Moines Valley Railroad Company,* 131 U. S. Appendix 155, 25 L. Ed. 520, Mr. Justice FRAUENTHAL said:

"The issues that are presented in a suit should be fully developed by the testimony, and it is presumed, when a case is finally submitted for determination, that the parties have adduced all the evidence of which they had knowledge or which they could have known by the exercise of due diligence. Therefore it has been uniformly held that the matter for which a bill of review will lie must be such as was not known to the petitioner or his attorney in time to be used in the suit, or could not have been known by the exercise of reasonable diligence."

We think the chancellor acted within his discretion in dismissing the bill of review, and in overruling the motion to reinstate.

Affirmed.