KECK *v.* GENTRY.

5-3383                                        384 S. W. 2d 242

Opinion delivered November 23, 1964.

*W. Q. Hall,* for appellant.

*Dickson, Putman, Millwee & Davis,* for appellee.

GEORGE ROSE SMITH, J . This is a suit by the appellants, Lester Keck and Ray Bolinger, (*a*) to obtain a judgment upon a $5,000 promissory note executed by Joseph A. Gentry and (*b*) to .set aside an assertedly fraudulent conveyance by which Gentry conveyed 680 acres of land to his wife, who is also a defendant. At the close of the plaintiffs' proof the chancellor sustained a demurrer to the evidence and dismissed the complaint as far as the second count was concerned. The court directed that the case be transferred to law for trial of the cause of action upon the promissory note.

On demurrer to the evidence we view the proof in the light most favorable to the plaintiffs. *Werbe* v. *Holt*, 217 Ark. 198, 229 S. W. 2d ·225. It is enough to say that the testimony, when so considered, shows that Gentry is indebted to the plaintiffs upon the note and that, while so indebted, he conveyed the land to his wife for a recited consideration of one dollar.

Although the complaint alleges that the purpose of the conveyance was to defraud the plaintiffs and to prevent the collection of the note, it is not specifically alleged that the conveyance rendered Gentry insolvent. For this reason the chancellor sustained ·an objection to the plaintiffs' offer to prove that Gentry had admitted being "broke." In sustaining the demurrer to the evidence the chancellor held that a *prima facie* case for setting aside a fraudulent conveyance cannot be made without an allegation and proof of the debtor's insolvency.

We think the court fell into error. We have often held that when a person who is in debt makes a voluntary conveyance to a near relative, such as his wife, the transfer is presumed to be fraudulent, and if the debtor's condition proceeds to the point of insolvency the presumption becomes conclusive. *Brady* v. *Irby*, 101 Ark. 573, 142 S. W. 1124, Ann. Cas. 1913E, 1054; *Dereuisseaux* v. *Bell*, 238 Ark. 60, 378 S. W. 2d 208. These plaintiffs proved that Gentry owed a substantial sum of money and that he conveyed 680 acres to his wife. That proof was sufficient to make a *prima facie* case, shifting to the defendants the burden of going· forward with the evidence. To require the plaintiffs also to prove either that Gentry received no consideration for the deed or that the transfer left him without sufficient assets to pay the promissory note would be an unsound rule, not only because it would compel the plaintiffs ·to shoulder the difficult burden of proving the negative but also because ·the missing information lies peculiarly and exclusively within the knowledge of the defendants. It is mainfestly fair that they be required to develop this aspect of the controversy.

In this court the appellees have not even argued the merits of the appeal. They merely insist that the order dismissing the seceond count in the complaint is not appealable. We cannot agree with this contention. The order is a final disposition of the creditors' effort to set aside the conveyance. Had the plaintiffs acquiesced in the order by going to trial in the circuit court upon the other count in the complaint their right to attack the conveyance later on would have been foreclosed by the doctrine of *res judicata*.

The decree is reversed and the cause is remanded for further proceedings.