448

TRENNON BOBO ET AL v. THE FIRST NATIONAL
BANK OF HOPE, ARKANSAS

5-4500                                          425 S. W. 2d 521

Opinion delivered March 25, 1968

*Shaver, Tackett & Jones;* By: *Damon Young,* for appellants.

*James H. Pilkinton,* for appellee.

PAUL WARD, Justice. This appeal is taken from a chancery decree setting aside a warranty deed on the ground it was executed to defraud a creditor. Also, a matter of procedure is involved on cross-appeal. The appellants are Trennon Bobo, Donnie Bobo, and Ora Bobo. The appellee is the First National Bank of Hope, Arkansas. Hereafter, for brevity, we will refer to them in the above order as Trennon, Donnie, Ora, and the bank.

The background facts, set out below, are not in dispute.

Trennon and his brother Donnie executed a note to the bank for $2,780.50, payable as follows: $78 per month for the first thirty-five months and $50.75 for the thirty-sixth month. All payments were made up to May 10, 1966 when there was a default, and no other payments have been made. The note was secured by a mortgage on a 1966 Ford Mustang car. On the last named date Trennon conveyed, by warranty deed, twenty acres of land to Ora.

The bank filed suit in the chancery court to collect the balance due on the note, and to have the car sold and the proceeds applied as a credit. The decree of the court was in accord with the bank's complaint as to the above items, and no objection is here made by appellants.

Also, in the same complaint, the bank alleged that the deed to Ora was executed "in an effort to avoid payment of the said indebtedness . . .", and asked the court to declare the same "null and void as against plaintiff". The bank also asked "that title to said property (the land) should be declared in defendant, Trennon Bobo, for satisfaction of any judgment that may be rendered . . ."

For answer to the above complaint, appellants entered a general denial.

After a hearing the trial court held the deed to be a fraudulent conveyance, and void as to appellee. On appeal, appellants' only contention for a reversal is that "there was no evidence to support such a finding".

We are of the opinion that the trial court erred in holding the conveyance void since we find no evidence in the record to support such holding. There is no evidence to show, that Ora was related to Trennon, that the consideration paid by Ora was inadequate or, that

Trennon was financially embarrassed and unable to pay any judgment rendered against him in this litigation. All the above is virtually conceded by appellee, but it contends the case should be affirmed on our holding in *Keck* v. *Gentry,* 238 Ark. 672, 384 S. W. 2d 242. There we said, in effect, that when a person who is in debt makes a voluntary conveyance to a near relative, the transfer is presumed to be fraudulent. Patently the *Keck* case is not controlling here because appellee did not prove Ora was a "near relative" or that the conveyance was "voluntary".

*Cross Appeal.* During the trial below, when appellee had introduced its testimony appellant chose not to introduce any testimony—to the surprise of appellee. At that time appellee realized it had failed to show Ora (grantee in the deed) was the mother of Trennon (grantor in the deed), apparently thinking everyone (including the Judge) knew she was the mother of Trennon. Thereupon appellee (at the same term of court) filed a Motion, requesting the court to reopen the record to allow it to introduce testimony to show Ora was the mother of Trennon. The Motion was denied.

For reasons hereafter set forth, we conclude that the trial court erred in refusing to allow appellee to make the desired proof.

(a) It is apparent from the record that appellee, in good faith, believed it was understood that Ora was the mother of Trennon. The bank stated in its Motion that this was understood by counsel and the court from the beginning of the trial. This is confirmed by language in the court's "Memorandum Opinion" where we find this statement: ". . . he made a voluntary conveyance to his mother, Mrs. Ora Bobo".

(b) A showing by appellee that Ora was the mother of Trennon, together with other testimony in the record, would have made a *prima facie* case, shifting the burden on appellants to go forward with the evidence.

In the *Keck* case, supra, we quoted language to that effect. Also, in that case, we find this further statement:

> "These plaintiffs proved that Gentry owed a substantial sum of money and that he conveyed 680 acres to his wife. That proof was sufficient to make a *prima facie* case, shifting to the defendants the burden of going forward with the evidence."

In the case before us here it is undisputed that Trennon owed a substantial sum of money and that he conveyed the land to Ora. When, and if, appellee proves Ora was Trennon's mother, then the burden will be on appellants to go forward with the evidence to show Trennon was not insolvent.

The decree is reversed on direct and cross appeal, and the cause is remanded for further proceedings consistent with this opinion.

BYRD, J., dissents in part.