IMOGENE M. WILLIAMSON ET AL v.
CLAUDE CHILDERS, ADM'R ET AL

5-4463                                    428 S. W. 2d 85

Opinion delivered May 21, 1968

*Osborne W. Garvin* and *Imogene M. Williamson,* for appellants.

*Moncrief & Moncrief, George E. Pike* and *Macom, Moorhead & Greene,* for appelles.

GEORGE ROSE SMITH, Justice. W. C. Honeywell, Jr., whom we will call the Decedent, died intestate on March

1, 1964, survived by collateral heirs on both sides of his family. His administrator filed the present petition for a determination of heirship with respect to the Decedent's three tracts of land in Arkansas county (which have since been converted by public sale into cash). This appeal and cross appeal are from the probate court's determination that Tracts 1 and 2 were ancestral estates coming by the Decedent's mother and that Tract 3 was a new acquisition.

There is no longer any substantial dispute about Tracts 1 and 2. The decedent, an only child, inherited those two tracts from his mother, who died intestate in 1960. The trial court was unquestionably right in holding those two tracts to have been maternally ancestral. On the maternal side the Decedent was survived by an uncle, who was his mother's half brother, and by a number of cousins who were descendants of six deceased half brothers and half sisters of the Decedent's mother. The trial court made a slight error in the division of the proceeds of sale of Tracts 1 and 2, but in the course of preparing their appellate briefs the several attorneys for the maternal heirs have reached agreement that a one-seventh interest goes to the surviving uncle and that the other six-sevenths interest is to be divided per stirpes among the surviving cousins. The cause will be remanded for the entry of a decree to that effect.

The maternal heirs question the trial court's finding that Tract 3 was a new acquisition. The proof is meager. By stipulation the parties introduced an abstract of title which shows that on February 18, 1948, the Decedent's mother conveyed Tract 3 to him by warranty deed. The abstract pages contain a number of printed entries for the insertion of information about the instrument being abstracted. With respect to the deed now in question the abstractor typed the letters "OK" after the printed entry, Consideration. That same "OK" was used to describe the consideration for

almost every deed in the chain of title. We are not sure just what it was intended to mean.

Upon the scant proof in the record we cannot say that the probate court's decision is against the weight of the evidence. An administrator's petition for a determination of heirship is similar to a bill of interpleader, in that the rival claimants are called upon to assert their claims. Here we think it fair to apply the rule that prevails in interpleader cases: Each claimant is regarded as a plaintiff and must establish his claim by a preponderance of the evidence. *Connelly* v. *Thomas,* 234 Ark. 1024, 356 S. W. 2d 430 (1962).

The maternal heirs did not meet that burden. For an estate to be ancestral there must have been no other consideration than that of blood. *Martin* v. *Martin,* 98 Ark. 93, 135 S. W. 348 (1911). The record contains no testimony about the transaction between the Decedent and his mother. Manifestly the most important available evidence was the exact recitation of the consideration in the deed. The abstract of title shows that the deed is of record, but the claimants failed to produce a certified copy. That deficiency in the proof is so significant that it tips the scales in favor of the trial court's conclusion. In closing, we should add that we attach no importance to the fact that the abstract of title does not indicate that any revenue stamps were attached to the Decedent's deed. It was evidently not the abstractor's practice to mention such stamps, because there is no reference to them anywhere in the entire abstract, which includes many conveyances.

Affirmed in part and reversed in part.