Lauril ALLIS, Appellant,

v.

W. J. JONES and Ethelyn Jones,
Appellees.

No. 19167.

United States Court of Appeals
Eighth Circuit.

Nov. 18, 1968.

Wayne W. Owen, Little Rock, Ark., for appellant.

Boyd Tackett, of Shaver, Tackett & Jones, Texarkana, Ark., for appellees.

Before MATTHES, MEHAFFY and HEANEY, Circuit Judges.

MEHAFFY, *Circuit Judge.*

This appeal is from a judgment of the district court dismissing a suit brought by plaintiff Lauril Allis against defendants W. J. Jones and Ethelyn Jones, his wife, to set aside as fraudulent seven voluntary conveyances of real estate by Jones to his wife, thereby rendering himself insolvent, while indebted to Allis. The district court dismissed the Allis complaint for her failure to show Jones had any equity in the properties at the time of the conveyances. The district court erroneously interpreted the Arkansas law by placing the burden of proof upon Allis and, for reasons fully stated hereafter, we reverse.

This is a diversity action with requisite statutory amount involved, and the law of Arkansas is applicable. American Bonding Co. of Baltimore v. Hord, 98 F.2d 350, 352 (8th Cir. 1938).

The properties consisted of seven parcels in and around the town of Glenwood, Arkansas held by Jones and his wife as estates by the entirety. Jones conveyed his interest in the properties to his wife on April 26, 1965 without monetary consideration. He was at the time indebted to Allis in the sum of $19,137.00, evidenced by a demand promissory note. Prior to the conveyances, Allis' attorney had threatened Jones with suit for collection.

The case was tried to the court upon oral stipulations, formal written stipulations and the testimony of Jones and his wife. The facts are undisputed. Jones is a medical doctor and Mrs. Jones is a registered nurse. They met and were married in Washington, D. C. while

Jones was an intern and shortly thereafter moved to Glenwood, Arkansas. Four children were born to them whose ages, at the time of trial, ranged from sixteen to twenty years. Shortly after their marriage Jones became addicted to heavy drink and Mrs. Jones took their children and returned to Washington for a short time. Upon Jones' urging, however, she and the children returned and have since resided in Glenwood. At the time of trial Jones had not taken a drink for nine years.

Allis became interested in real estate investments in and around Glenwood and entrusted the sum of $19,137.00 to Jones to invest for her. Instead of making the investments, Jones became involved in a confidence game, resulting in the loss of the Allis money as well as some of his own money. Jones' indebtedness to Allis was evidenced by checks and a demand note dated September 15, 1963, but Jones failed to pay the note and Allis instituted suit resulting in Allis' obtaining a judgment in February, 1966 for the face amount of the note plus interest and a $1200.00 attorney's fee. After obtaining the judgment, plaintiff on June 6, 1966 levied an execution which was returned *nulla bona*. It was stipulated that Jones had no property upon which execution could be levied.

The deeds of conveyance had no revenue stamps affixed and it was stipulated that Mrs. Jones paid no cash or its equivalent in consideration for the deeds. The pleadings averred that Mrs. Jones rendered services in her capacity as a nurse as consideration for the properties, but the evidence on this fails to support the pleading. Mrs. Jones did testify that from time to time she would help her husband when needed, but did not make any claim that such services were a consideration for the conveyances in question. Both Jones and his wife testified that the deeds were made at the urging of Mrs. Jones for her security. She was wary of some of his associates and was afraid he might start drinking again even though he had not had a drink for nine years. Dr. Jones testified that "my wife insisted that I give her these deeds for security." [1]

Prior to the turn of the century, the Arkansas Supreme Court held in Rudy v. Austin, 56 Ark. 73, 19 S.W. 111, 113 (1892):

"The law requires every man to be just before he is generous. If he makes a voluntary conveyance while he is in debt, it presumes that it is fraudulent as to existing creditors, and the burden is on those claiming under the conveyance to repel the presumption. If he be insolvent, unable to pay his debts, the presumption that it is fraudulent as to antecedent creditors is conclusive."

This case has been cited by the Arkansas Supreme Court and the above extract frequently quoted.[2]

*The Burden of Proof.*

■ The district court grounded its opinion upon the erroneous premise that, under Arkansas law, the burden of proof

---

1. The district court found:
"Mrs. Jones was aware of Dr. Jones' financial difficulties except she had no knowledge of the debt to Mrs. Allis and knowing of his past trouble with alcohol, demanded that Dr. Jones convey to her his interest in their real estate so that she and their children would have some security in the event that he started drinking again."

2. The governing Arkansas statute is found in Ark.Stat.Ann. § 68–1302 (1957 Repl.) and reads as follows:
"68–1302. Conveyances or legal actions to defraud creditors void.—Every conveyance or assignment in writing or otherwise, of any estate or interest in lands, or in goods and chattels, or things in action, or of any rents issuing therefrom, and every charge upon lands, goods or things in action, or upon the rents and profits thereof, and every bond, suit, judgment, decree or execution, made or contrived with the intent to hinder, delay or defraud creditors, or other persons of their lawful actions, damages, forfeitures, debts or demands, as against creditors and purchasers prior and subsequent, shall be void."

rested with Allis to show that Jones had equity in the properties at the time of their conveyance; hence the court reasoned Allis had failed to supply necessary proof that she was injured or prejudiced by the transactions. The Arkansas Supreme Court in two recent opinions has held directly to the contrary.

In Keck v. Gentry, 238 Ark. 672, 384 S.W.2d 242 (1964), the Supreme Court of Arkansas stated:

"We have often held that when a person who is in debt makes a voluntary conveyance to a near relative, such as his wife, the transfer is presumed to be fraudulent, and if the debtor's condition proceeds to the point of insolvency the presumption becomes conclusive. (Citing cases.) These plaintiffs proved that Gentry owed a substantial sum of money and that he conveyed 680 acres to his wife. That proof was sufficient to make a *prima facie* case, shifting to the defendants the burden of going forward with the evidence. To require the plaintiffs also to prove either that Gentry received no consideration for the deed or that the transfer left him without sufficient assets to pay the promissory note would be an unsound rule, not only because it would compel the plaintiffs to shoulder the difficult burden of proving the negative but also because the missing information lies peculiarly and exclusively within the knowledge of the defendants. It is manifestly fair that they be required to develop this aspect of the controversy." 384 S.W. 2d 242, 243.

In Bobo v. First Nat'l Bank of Hope, 244 Ark. 448, 425 S.W.2d 521 (1968), the Supreme Court of Arkansas said at page 523 of 425 S.W.2d:

"In the case before us here it is undisputed that Trennon owed a substantial sum of money and that he conveyed the land to Ora [his mother]. When, and if appellee [the creditor] proves Ora was Trennon's mother, then the burden will be on appellants [debtors] to go forward with the evidence to show Trennon was not insolvent."

Thus, it is seen that it is not even arguable under present Arkansas law that the burden is upon the creditor to prove the existence of equity belonging to the debtor in the properties he conveyed.

Aside from the court's error in casting the burden of proof upon the creditor, Jones in his testimony revealed beyond question that he conveyed property of value during the existence of his debt to Allis. He borrowed an additional $15,000.00 on "the Chevrolet building" at the time he was swindled, giving a second mortgage as security. Later he borrowed $40,000.00 on the building, out of which proceeds he repaid the $15,000.00 to the individual from whom he had borrowed it.[3]

Additionally, there is no question but that Mrs. Jones knew there was value in the properties conveyed to her as she wanted them for security. Further evidence of value is that even though all the properties were mortgaged, one of the mortgage loans has been reduced from

3. Jones' admission is contained in his testimony as follows:

"The number one tract that we mentioned is mortgaged to the Bank of Amity and the Small Business Administration. The loan is $100,000. I owe approximately $75,000 on that loan today. The clinic property is mortgaged to the Bank of Glenwood for $14,000. The home place is mortgaged to the Bank of Montgomery County for $11,000. The entire service station, cafe and motel is mortgaged to the Bank of Amity and the Small Business Administration

for a total of $100,000, and on this loan I owe approximately $75,000. At the time I got swindled, Mr. Wisener carried a Note for $25,000 on the Chevrolet building as a first mortgage, and at the time I got swindled, I gave Ross Wilhite a Note for $15,000 on the building—a second mortgage—and after I got swindled in the pigeon drop game, I went to the Elk Horn Bank in Arkedelphia (sic) and borrowed $40,000 on the Chevrolet building and paid Mr. Wisener (sic) back the $15,000."

$100,000.00 to a present loan of $75,000.-00.

Thus, the proof is clear that there is some value in the properties conveyed and Allis is entitled to levy upon the same by reason of her judgment lien.

We, therefore, hold that the court erred in its interpretation of the Arkansas law in misplacing the burden of proof, and further hold that the evidence in this case clearly indicates that some value exists in the Jones interest conveyed to his wife and Allis is entitled to levy her execution upon Jones' interest in the properties to the extent allowable under Arkansas law respecting homestead and estate by the entirety interests.

The judgment of the district court is reversed with instructions to enter judgment in accordance with this opinion.